UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 10-30088-RAL |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | OPINION AND ORDER |
| | * | DENYING MOTION |
| DUANE DALE BIG EAGLE, | * | FOR BILL OF |
| | * | PARTICULARS |
| Defendant. | * | |

On October 13, 2010, Defendant Duane Dale Big Eagle ("Big Eagle") was indicted through a four-count Indictment. He is the lone defendant in the case. The Indictment alleged two counts of conspiracy to commit bribery of a tribal official (Counts I, III) and two counts of bribery involving an agent of an Indian tribal government (Counts II, IV). The Indictment is nine pages long. (Doc. 3).

On March 3, 2011, Big Eagle filed a Motion for Bill of Particulars (Doc. 26). Big Eagle bases his Motion for Bill of Particulars on Federal Rules of Criminal Procedure 7(f). For the reasons explained herein Big Eagle's motion is denied.

Rule 7 of the Federal Rules of Criminal Procedure requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Cr. P. 7. The indictment "must set forth in factual terms the elements of the offense sought to be charged" and "must sufficiently apprise the defendant of what he must be prepared to meet." United States v. Brown, 540 F.2d 364, 371 (8th Cir. 1976) (citing United States v. Debrow, 346 U.S. 374, 376 (1953)). An indictment generally is sufficient, unless it cannot, by any reasonable construction, be understood to charge the offense for which the defendant was convicted. United States v.

Fleming, 8 F.3d 1264, 1265 (8th Cir. 1993). In other words, "[a]n indictment is legally sufficient on its face if it contains all of the essential elements of the offense[s] charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow [him] to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993).

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court "may direct the government to file a bill of particulars." The Court has broad discretion in determining whether to grant or deny a motion for a bill of particulars. United States v. Sileven, 985 F.2d 962, 966 (8th Cir. 1993). A bill of particulars functions similar to a proper indictment in informing the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense. United States v. Bowie, 618 F.3d 802, 817 (8th Cir. 2010).

A bill of particulars is not intended either to supplement or substitute for the rules of discovery in criminal cases. "'Acquisition of evidentiary detail is not the function of the bill of particulars.'" United States v. Matlock, 675 F.2d 981, 986 (8th Cir. 1982) (quoting Hemphill v. United States, 392 F.2d 45, 49 (8th Cir. 1968); see Wessels, 12 F.3d at 750 (bill of particulars not to be used as discovery tool or to obtain detailed disclosure of government's evidence and theories). Indeed, there is some authority that the availability of information as to the specific conduct and facts of the charges from other sources, such as hearings and the "open file" policy of the United States Attorney's Office, eliminates the need for a bill of particulars. See United States v. Fleming, 8 F.3d 1264, 1265 (8th Cir. 1993); United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991).

In the case at hand, the Indictment is quite detailed in pleading and describing the four counts against Big Eagle. The Indictment is nine pages in length and details the acts that are alleged to constitute conspiracy to commit bribery of a tribal official and bribery involving an agent of an Indian tribal government, the object of the conspiracy, the overt acts, and the conduct of Big Eagle. Moreover, as Big Eagle noted in his Memorandum of Law, the Government has given to Big Eagle "some two thousand pages of documents." (Doc. 27). Big Eagle in his Motion for Bill of Particulars seeks evidentiary detail about the Government's case, which is not the function of a bill of particulars. (Doc. 26); Matlock, 675 F.2d at 986.

The Indictment is legally sufficient to inform Big Eagle of the charges against him that he must defend and to allow him to plead a conviction or acquittal as a bar to subsequent prosecution. Big Eagle has no genuine argument, in light of the language of the Indictment and the discovery material provided, that he is unable to properly prepare for and defend himself at trial.

Therefore, it is hereby

ORDERED that Defendant's Motion for Bill of Particulars (Doc. 26) is denied.

Dated March 15, 2011.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE