UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

FILED
JUL 29 2011

| UNITED STATES OF AMERICA, | * | CR 10-30088-RAL |
|---|---|---|
| Plaintiff, | * | |
| vs. | * | OPINION AND ORDER |
| | * | DENYING |
| DUANE DALE BIG EAGLE, | * | DEFENDANT'S MOTION TO |
| | * | DISMISS COUNT III OF |
| Defendant. | * | INDICTMENT |

## I. INTRODUCTION

On July 7, 2011, Defendant Duane Big Eagle filed a motion to dismiss Count III of the Indictment in this case. The Government filed an opposition brief on July 12, 2011. Big Eagle did not file a reply, and his time to do so has now passed.

Big Eagle argues that Count III, which charges Big Eagle with Conspiracy to Commit Bribery of a Tribal Official under 18 U.S.C. § 371, fails to satisfy the requirements of the Due Process Clause of the Fifth Amendment to the United States Constitution and Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure. According to Big Eagle, the violations consist of Count III failing to charge an essential element of the crime, charging Big Eagle with committing acts that do not constitute a crime, and being vague and duplicitous.

## II. FACTS

Big Eagle is the sole defendant charged in a four-count Indictment (Doc. 3) in this case. Counts I and III charge Big Eagle with Conspiracy to Commit Bribery of a Tribal Official under 18 U.S.C. § 371, and Counts II and IV charge him with Bribery Involving an

Agent of an Indian Tribal Government under 18 U.S.C. § 666(a)(1)(B) and (2)

Count III reads as follows:

> Between in or about May of 2008, and continuing thereafter until in or about October 21, 2008, at Fort Pierre, Stephan, and elsewhere, in the District of South Dakota, the defendant, DUANE DALE BIG EAGLE, together with Archie Baumann, Scott Raue, Randy Shields, Norman Thompson, Sr., and with other persons both known and unknown to the Grand Jury, knowingly combined, conspired, and agreed to violate the laws of the United States, that is, to corruptly offer, give, and agree to offer and give, and to corruptly accept and agree to accept, a thing of value intending to influence and reward DUANE DALE BIG EAGLE and officials of the Crow Creek Sioux Tribe in connection with a transaction and series of transactions of the Crow Creek Sioux Tribal Schools involving $5,000 or more, in violation of 18 U.S.C. § 666(a)(1)(B) and (a)(2).

(Doc. 3, at 6). The Indictment proceeds to describe the "Objects of the Conspiracy" and "Overt Acts." (Id. at 6-8). The overt act specifically referring to Big Eagle alleged:

> Between on or about July 17, 2008, and continuing thereafter until on or about October 21, 2008, Archie Baumann dispensed checks and cash payments to tribal officials, including the Vice Chairman, Randy Shields, and the Tribal Council Treasurer, Norman Thompson, Sr., either directly or through intermediaries such as DUANE DALE BIG EAGLE to reward or influence their official actions with regard to loans Archie Baumann made to the Crow Creek Sioux Tribe, and with regard to the First Dakota Enterprises housing contract with the Crow Creek Sioux Tribal Schools.

(Doc. 3, at 8). In addition, the Indictment alleges in a separate section applicable to Counts I through IV that Big Eagle was the Chairman and a member of the Crow Creek Sioux Tribal Council and a member of the Crow Creek Tribal School Board between May of 2004 and May of 2006. (Doc. 3, at 2).

## III. DISCUSSION

"An indictment must set forth each element of the crime that it charges." United States v. Resendiz-Ponce, 549 U.S. 102, 107 (2007) (quoting Almendarez-Torres v. United States, 523 U.S. 224, 228 (1998)). Under Rule 7(c)(1) of the Federal Rules of Criminal

Procedure, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Counts in the indictment "may incorporate by reference an allegation" in other counts. Id. "An indictment is sufficient if it (1) contains elements of the charged offense and fairly informs the defendant of the charge against which he or she must defend and (2) enables him or her to plead double jeopardy as a bar to further prosecution." United States v. Stands, 105 F.3d 1565, 1575 (8th Cir. 1997) (following United States v. Just, 74 F.3d 902, 903-04) (8th Cir. 1996); see also Hamling v. United States, 418 U.S. 87, 117 (1974).

The Government must allege the following four elements in order to prove that Big Eagle committed the conspiracy offense against him in Count III under Section 371:

> 1) that two or more persons reached an agreement or came to an understanding to commit bribery with regard to federally funded programs;
>
> 2) that Big Eagle voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect;
>
> 3) at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding; and
>
> 4) while the agreement or understanding was in effect, a person or persons who had joined in the agreement knowingly did an overt act for the purpose of carrying out or carrying forward the agreement of understanding.

18 U.S.C. § 371; see also Eighth Circuit Manual of Model Criminal Jury Instructions, 5.06A, at 119-120); United States v. Sopczak, 742 F.2d 1119, 1121 (8th Cir. 1984).

**A. Whether Count III fails to Charge an Essential Element of the Crime under 18 U.S.C. § 371**

Big Eagle contends that the indictment is legally insufficient to state a crime because

it does not charge that Big Eagle was an official or agent of the Crow Creek Sioux Tribe at any time during the alleged conspiracy in 2008. Under Big Eagle's theory, Count III would not charge a violation of Section 371 unless Big Eagle were a tribal official or agent. However, the Indictment alleges in a section entitled "Counts I-IV" and applicable to Counts I through IV that Big Eagle was the Chairman and a member of the Crow Creek Sioux Tribal Council and a member of the Crow Creek Tribal School Board between May of 2004 and May of 2006. (Doc. 3, at 2). According to Big Eagle, he did not hold any position with the Crow Creek Sioux Tribe at any time between May of 2006 and May of 2010.

A comparison between the elements of section 371 and the language of Count III demonstrate that all elements have been alleged. "The essential elements of a section 371 conspiracy crime are that: (1) the defendants agreed with another, (2) to commit crimes against the United States or violate the laws of the United States, and (3) at least one overt act was committed in furtherance of the agreement." United States v. Hayes, 574 F.3d 460, 472 (8th Cir. 2009). An indictment is sufficient as it pertains to a section 371 conspiracy charge when it:

> "tracks the language of the conspiracy statute, identifies the federal criminal laws that are the subjects of the conspiracy, alleges each of the essential elements of the crime of conspiracy, states the nature of the fraudulent scheme that was the subject of the conspiracy, specifies the approximate time period during which the conspiracy took place, states the place from which the scheme was allegedly operated, and specifies overt acts that furthered the conspiracy."

Id. at 473.

Applying this standard, Count III is sufficiently charged. Count III alleges that: (1) Big Eagle, Raue, Shields, and Thompson, Sr. reached an agreement to commit bribery in

violation of United States laws with regard to federally funded programs (i.e. the Crow Creek Sioux Tribal Schools); (2) that Big Eagle knowingly joined in the agreement between in or about May of 2008 and October 21, 2008, when the conspiracy was first reached and in effect; (3) that Big Eagle knew of the purpose of the agreement, which was "to corruptly offer, give, and agree to offer and give, and to corruptly accept and agree to accept, a thing of value intending to influence and reward" the conspirators with respect to business of the Crow Creek Sioux Tribal Schools; and (4) that Big Eagle committed the overt act of serving as an intermediary between Baumann and Shields and Thompson, Sr., in "dispensing checks and cash payments to tribal officials." (Doc. 3).

Big Eagle contends that Count III does not sufficiently charge a crime because it does not allege that Big Eagle was a tribal official during the period in question. This argument, however, erroneously conflates the substantive crime (charged under 18 U.S.C. § 666(a)(1)(B) and (2)) with the conspiracy (charged under 18 U.S.C. § 371). The elements of the substantive crime charged in Counts II and IV are different from those for the conspiracy charged in Count III. In order to be found guilty of Count III under section 371, it is not necessary for Big Eagle to have been a tribal official at any time. Rather, Big Eagle could properly be found guilty of assisting the conspirators - a group that included tribal members - in the scheme to distribute bribes to influence tribal officials with respect to Crow Creek contracts and contract payments. Indeed, one may be found guilty of conspiracy and not guilty of the bribery itself. See e.g., United States v. Robinson, 516 F.3d 716 (8th Cir. 2008).

## B. Whether Count III is Vague

The basis for Big Eagle's vagueness argument is that Count III "charges a non-crime

and a crime" when alleging that Big Eagle agreed with others to corruptly accept and agree to accept a thing of value intending to influence and reward himself. According to Big Eagle, such language charges the non-criminal behavior of agreeing to give a thing of value to influence or reward a person who is not a tribal official (Big Eagle), in addition to the criminal behavior of taking such action to influence or reward a tribal official.

Again, Big Eagle's argument erroneously conflates the conspiracy with the substantive crime. It is unnecessary for Big Eagle to have been a tribal official in order to be convicted of violating section 371. As discussed above, Count III is sufficiently charged, as it fairly informs Big Eagle of the charge against him, contains the elements of the offense, and allows him to plead double jeopardy as a bar to a future prosecution. Furthermore, Count III identifies the statute that the alleged conspirators sought to violate, identifies a particular period during which the conspiracy existed, identifies by name three other conspirators, and alleges specific overt acts alleged to have been undertaken in furtherance of the conspiracy.

## C. Whether Count III is Duplicitous

Big Eagle contends that Count III charges Big Eagle with two conspiracies; one whose object was to influence or reward a person who was not a tribal official (Big Eagle) and another conspiracy whose object was to influence or reward tribal officials. According to Big Eagle, such language invites the jury to choose between one conspiracy or the other and, consequently, Count III as written would not prevent a conviction produced by a verdict that is non-unanimous as to one of the two conspiracies charged.

An indictment is duplicitous if "two or more distinct and separate offenses are joined in a single count." United States v. Pietrantonio, 537 F.3d 865, 869 (8th Cir. 2011).

Duplicity "is problematic because it might lead the jury to convict without unanimous agreement on the defendant's guilt with respect to a particular offense." Id. (citing United States v. Nattier, 127 F.3d 655, 657 (8th Cir. 1997)). A defendant's Sixth Amendment right to a unanimous jury verdict, "imperiled with a duplicitous indictment, may be cured by a limiting instruction requiring the jury to unanimously find the defendant guilty of at least one distinct act." Id. (citing Nattier, 127 F.3d at 657).

Count III is not duplicitous, as it clearly alleges a single conspiracy. The fact that Big Eagle was not a tribal official does not give rise to two separate conspiracies. The fact that some money may have been distributed to a non-official with intent to affect or reward his behavior as part of the agreement to affect or reward the acts of tribal officials would not constitute a separate agreement. The Government may establish the existence of a single conspiracy through the evidence that it presents at trial. See generally United States v. Summers, 137 F.3d 597, 602 (8th Cir. 1998) (affirming conspiracy conviction despite argument that the Government proved multiple conspiracies while the indictment charged a single conspiracy, because the evidence "established the existence of a single, ongoing conspiracy."). If presentation of the evidence at trial in this case creates any risk of duplicity, an appropriate limiting instruction may be requested to require that the jury, to convict Big Eagle on Count III, unanimously find the defendant to have illegally participated in one distinct conspiracy.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Dismiss Count III of Indictment (Doc. 51) is

denied.

Dated July 29, 2011.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE